UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-cv-24173-KING

FLORIDA BEAUTY FLORA, INC.,
a Florida for Profit Corporation,

    Plaintiff/Counter-Defendant,

v.

EVERGREEN FRESH FARMS, INC.
a California Domestic Stock Corporation,
ERIC MYDLAND, an individual, a/k/a
ERIC W. MYDLAND, a/k/a ERICK
MYDLAND, a/k/a ERICK W. MYDLAND,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** comes before the Court upon Plaintiff/Counter-Defendant Florida Beauty Flora, Inc.'s ("Florida Beauty") Motion to Dismiss Defendants/Counter-Plaintiffs Evergreen Fresh Farms, Inc. and Eric Mydland's (collectively "Evergreen") Amended Counterclaim (DE #14). Therein, Florida Beuaty seeks an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Evergreen's Amended Counterclaim for breach of contract (Count I) arguing that Evergreen fails to identify any provision of the parties' agreement actually breached, and for negligent misrepresentation and fraud in the inducement (Counts II and III), arguing that Evergreen fails to plead those claims with the specificity required by Rule 9(b) of claims sounding in fraud. This matter is fully briefed,[1] and as set forth below, the Court finds that Florida Beauty's Motion should be granted, that Evergreen's claim for breach of contract be dismissed with prejudice, and

---

[1] Evergreen has filed its Response in Opposition (DE #15), and Florida Beauty has filed its Reply in Support (DE #18).

that Evergreen's claims for negligent misrepresentation and fraud in the inducement be dismissed without prejudice and with leave to amend.

## I. Background

This matter arises from a sublease of warehouse space. Among other things, Florida Beauty leases warehouse space around the United States, which it occasionally subleases. Evergreen is a wholesaler and distributor of produce. In May of 2017, Florida Beauty and Evergreen entered into a contract whereby Florida Beauty subleased warehouse space to Evergreen.

The sublease agreement, attached as Exhibit C to Florida Beauty's Amended Complaint (DE #8-3) requires Evergreen to pay rent on the first day of every month. *Id.* at ¶ 2. Florida Beauty alleges in its Amended Complaint that Evergreen stopped making rent payments after making the June 1, 2017 payment, but continues to occupy the warehouse space despite demands to vacate. Accordingly, Florida Beauty brought this action against Evergreen alleging—as relevant here—claims for breach of contract and unjust enrichment arising out of Evergreens alleged breach of the sublease agreement.

Evergreen filed a Counterclaim against Florida Beauty, alleging claims for breach of contract, negligent misrepresentation, and fraud in the inducement. *See* Evergreen's Amended Counterclaim, DE #11. Evergreen's counterclaim for breach of contract alleges that, in addition to subleasing warehouse space, the sublease agreement was for the sublease of certain coolers, and that Florida Beauty agreed to provide coolers capable of maintaining a temperature of 40 degrees Fahrenheit as a condition of the warehousing services. Evergreen does not point to any specific provision in the sublease agreement concerning the subleasing of coolers, and does not point to any specific provision concerning maintenance of any specific temperature, or suitability of the warehouse space's use for any particular purpose. Nevertheless, Evergreen alleges that

Florida Beauty breached the sublease agreement by failing to maintain the coolers at a temperature sufficient to maintain the integrity of the merchandise Evergreen was storing in the warehouse space. Evergreen further alleges that "[Evergreen's] loss as a result of the ineffective coolers was or should have been within the reasonable contemplation of the parties, because Florida Beauty is in the business of transporting flowers and is well aware of the refrigeration needs of the merchandise."

In its counterclaims for negligent misrepresentation and fraud in the inducement, Evergreen alleges that Florida Beauty made a statement to Evergreen concerning the fitness of the coolers for a particular purpose—that they could maintain a temperature sufficient to preserve Evergreen's merchandise—that Evergreen believed to be true, but was in fact false, and Florida Beauty knew it to be false. Evergreen does not allege where, when, how, to or by whom, through what method of communication, written or oral, Florida Beauty made this statement.

The sublease agreement provides that Evergreen is to take possession of the warehouse space "in an 'as is' condition, and [Evergreen] acknowledges that no representations with respect to the condition thereof have been made to it." *Id.* at ¶ 3. Further, the sublease agreement provides that

> "[Florida Beauty" shall have no duties to maintain the [warehouse space]." *Id.* The sublease agreement also provides that "No oral statements or prior written material not specifically incorporated herein shall be of any force or effect. [Evergreen] agrees that in entering into this Sublease and accepting the [warehouse space premises], it relies solely upon the representatio9ns and agreements contained in this Sublease, the exhibits attached thereto and the written agreements, if any, executed contemporaneously herewith. This Sublease, including the Exhibits which are attached hereto and a part hereof, constitutes the entire agreement of the parties and shall not be conditioned, modified or supplemented except by a written agreement executed by both parties."

*Id.* at ¶ 14.f. The sublease agreement contains no provisions relating to the leasing of coolers, or to maintenance by Florida Beauty of any particular temperature in any coolers or the warehouse space itself.

Florida Beauty's Motion to Dismiss argues that, because Evergreen bases its breach of contract counterclaim on an alleged term relating to coolers and maintenance of a specified temperature, and such a term does not exist, Florida Beauty cannot be in breach. As to Evergreen's counterclaims for negligent misrepresentation and fraud in the inducement, Florida Beauty argues that Evergreen's Amended Counterclaim does not plead those counts with the specificity required by Fed R. Civ. P. 9(b).

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief. In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations,

documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may also consult documents that are attached to the Complaint or motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); see also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Finally, where a complaint (or counterclaim) alleges fraud, Fed. R. Civ. P. 9(b) imposes heightened pleading standards, requiring that "a party must state with particularity the circumstances constituting fraud."

### III. Discussion

Florida Beauty's central argument with respect to Evergreen's breach of contract counterclaim is that Evergreen cannot state a claim for breach of contract because Evergreen cannot identify a single provision of the sublease agreement that Florida Beauty breached. The Court agrees. To state a claim for breach of contract, a plaintiff (or counter-plaintiff, as the case may be) must allege facts showing that the following three elements are met: (1) a valid contract; (2) a material breach; and (3) damages. *Havens v. Coast Florida, P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). While Evergreen does allege that the parties entered into a valid contract, the "breach" Evergreen complains of—failure to maintain the warehouse space or coolers at 40 degrees Fahrenheit—is not a term (material or otherwise) of that contract. Accordingly, Florida Beauty had no duty under the sublease agreement to maintain any temperature, and its alleged

5

failure to do so cannot serve as the basis for a claim that Florida Beauty breached the sublease agreement. Therefore, Evergreen's breach of contract counterclaim must be dismissed.

With respect to Evergreen's negligent misrepresentation and fraud in the inducement counterclaims, the Court agrees that Evergreen did not plead those claims with the specificity required by Rule 9(b). Evergreen simply alleges that Florida Beauty made a statement. Evergreen does not allege the who, the when, the how, the to whom, or anything from which Florida Beauty can evaluate Evergreen's claim of fraud. The essence of Evergreen's claim is that Florida Beauty must have known the reason why Evergreen was subleasing the warehouse space because Florida Beauty was in a similar business. This is not enough to comply with Rule 9(b). Accordingly, Evergreen's claims for negligent misrepresentation and fraud in the inducement must also be dismissed.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff/Counter-Defendant Florida Beauty Flora, Inc.'s Motion to Dismiss Defendants/Counter-Plaintiffs Amended Counterclaim (DE #14) be, and the same hereby is **GRANTED**. Counts II and III of the Amended Counterclaim **(DE #11)** are **DISMISSED without prejudice**. Count I of the Amended Counterclaim is **DISMISSED with prejudice**. Plaintiff may file an amended counterclaim within 20 days of the date of this Order.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of February, 2018.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**

6