UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-24173-JLK

FLORIDA BEAUTY FLORA, INC.,
a Florida for Profit Corporation

Plaintiff/Counter-Defendant,

v.

EVERGREEN FRESH FARMS, Inc.,
A California Domestic Stock Corporation,
ERIC MYDLAND, an individual, a/k/a
ERIC W. MYDLAND, a/k/a ERICK MYDLAND,
a/k/a ERICK W. MYDLAND

Defendants/Counter-Plaintiffs.
_____/

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), and in connection with its Notice of Motion for Summary Judgment, Plaintiff/Counter-Defendant Florida Beauty Flora, Inc. ("Florida Beauty") hereby submits the following Reply to Counter-Plaintiffs Response to its Statement of Material Facts as to which Florida Beauty contends there is no genuine issue to be tried:

**REPLY TO RESPONSE TO STATEMENT OF MATERIAL FACTS**

1. Florida Beauty admits that Counter-Plaintiffs are seeking money for purportedly damaged produce. However, Florida Beauty disputes that the produce was damaged due to an issue with refrigeration equiptment and Counter-Plaintiffs have failed to designate an expert to testify concerning causation of the damaged produce. Further, Counter-Plaintiff has failed to cite any record authority in support of this contention in violation of Local Rule 56.1, and the statement should be disregarded.

2. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

Case No. 1:17-CV-24173-JLK

3. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

4. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

5. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

6. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

7. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

8. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 8 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

9. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

10. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph. Florida Beauty admits that the Sublease was not signed by Florida Beauty. Florida Beauty does not agree that the Sublease was expressly rejected by the Meyerson Trust. This is because during the deposition of Arnold Meyerstein, he testified that he did not seek to evict either Florida Beauty or Evergreen at any time as a consequence of Evergreen subleasing the space or

for any other reason. *See* Exhibit A to Declaration of Evan B. Berger, Esq. which is attached hereto as Exhibit "1" at p. 17:4 – 19:14. Mr. Meyerstein further testified that he accepted rent from Florida Beauty after Evergreen became its sublessee. *Id*. By virtue of this conduct by the Meyerstein Trust in accepting rent from Florida Beauty and not seeking to evict either Florida Beauty or Evergreen at any time, and by continuing to accept rent payments from Florida Beauty after knowing that it had a sublessee in part of the space it leased, the Meyerstein Trust acquiesced to the Sublease between Florida Beauty and Counter-Plaintiffs. *Id*.

11.  Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 11 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 11 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015).

12.  Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 12 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs

contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 12 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

13. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 13 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 13 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

14. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 14 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 14 of

Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

15.   Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

16.   Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

17.   Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

18.   Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 18 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 18 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

19.   Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 9 of its Statement of Material Facts admitted. *See e.g., Joseph*

*v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 19 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015).

20. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 20 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 20 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

21. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 21 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F.

Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 21 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

22. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph. Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 22 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

23. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph. Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 23 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

24. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 24 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F.

Supp. 2d 1242, 1245-46 (S.D. Fla. 2009). Further, given that the statement by Counter-Plaintiffs contained in this paragraph does not contain any evidentiary support in the record, the Court should disregard the statement by Counter-Plaintiffs and deem the facts in Paragraph 24 of Florida Beauty's Statement of Material Facts admitted. *See, e.g., Mills. v. NCL (Bahamas) Ltd.*, 2015 WL 11201209 at *2 (S.D. Fla. April 10, 2015). Further, *see* Response to Paragraph 11 *supra*.

25. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 25 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

26. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

27. Counter-Plaintiffs do not dispute the facts presented by Florida Beauty in this paragraph.

28. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 28 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

29. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's

statement contained in Paragraph 29 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

30. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 30 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

31. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 31 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

32. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 32 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

33. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 33 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

34. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 34 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

35. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 35 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

36. Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 36 of its Statement of Material Facts admitted. *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*,

755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

37.     Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 37 of its Statement of Material Facts admitted.  *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

38.     Given that Counter-Plaintiff did not contradict Florida Beauty's statement of undisputed material facts with evidence in the record, the Court should deem Florida Beauty's statement contained in Paragraph 38 of its Statement of Material Facts admitted.  *See e.g., Joseph v. Napolitano*, 839 F. 2d 1324, 1329-30 (S.D. Fla. 2012); *Centennial Bank v. Noah Group, LLC*, 755 F. Supp. 2d 1256, 1258 n. 2 (S.D. Fla. 2010); *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245-46 (S.D. Fla. 2009).

Dated:  November 26, 2018

Respectfully Submitted,
/s/ Evan B. Berger, Esq.
Evan B. Berger, Esq. (0071479)
eberger@bplegal.com
Becker & Poliakoff, P.A.
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176

Ryan M. Clancy, Esq. (117650)
ryan@business-esq.com
Ainsworth + Clancy, PLLC
1111 Brickell Ave., 11th Floor
Miami, Florida 33131
Telephone:  (305) 600-3816

Case No. 1:17-CV-24173-JLK

Facsimile:   (305) 600-3817

*Attorneys for Plaintiff/Counter-Defendant*
*Florida Beauty Flora, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF system on November 26, 2018 on all counsel or parties of record on the Service List below.

_____
By: /s/ Evan B. Berger
Evan B. Berger, Esq.

## SERVICE LIST

Melissa Gilkey Mince
Anderson Law Group
13577 Feather Sound Drive, Suite 500
Clearwater, Florida 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
mmince@floridalawpartners.com
eserve@floridalawpartners.com
*Attorneys for Defendants/Counter-Plaintiffs Evergreen Fresh Farms, Inc. and Eric Mydland*